UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: GLOBAL TEL*LINK CORPORATION
INMATE CALLING SERVICES LITIGATION                                    MDL No. 2651


ORDER DENYING TRANSFER


**Before the Panel**:[*] Defendant Global Tel*Link Corporation (GTL) moves under 28 U.S.C. § 1407 to centralize this litigation in the Eastern District of Pennsylvania or, alternatively, the District of the District of Columbia. This litigation currently consists of three actions pending in three districts, as listed on Schedule A. Since the filing of the motion, the Panel has been notified of one related action in the Western District of Arkansas.[1] All actions involve challenges to the rates and fees charged by GTL for the provision of local and long distance inmate calling services (ICS) to various correctional institutions and detention facilities throughout the country.

Responding plaintiffs in two actions on the motion and the related action oppose centralization and, alternatively, request centralization in the Western District of Arkansas. Plaintiffs in the District of New Jersey action (*James*) oppose inclusion of that action in the proposed MDL, and take no position on centralization of the other actions.

On the basis of the papers filed and the hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation. The actions unquestionably share factual questions arising out of allegations that defendant GTL charges rates and fees for inmate calling services that are unjust and unreasonable, and they stem from the same Federal Communications Commission proceedings. But where only a minimal number of actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate. *See In re: Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Moving defendant has failed to do so here.

The circumstances of this litigation indicate that voluntary coordination is a practicable and preferable alternative to centralization. Plaintiffs in the three actions on the motion and the related action are represented by just two groups of counsel. GTL and its subsidiaries, the sole defendants in all actions, are represented by common counsel, which has a demonstrated track record of successfully coordinating the litigation. Given the few involved counsel and limited number of

---

[*] Judge Ellen Segal Huvelle took no part in the decision of this matter.

[1] The parties also notified the Panel of an action in the District of the District of Columbia (*Wright*) against a different ICS provider. *Wright* has no pending claims against GTL.

-2-

actions, informal coordination of discovery and pretrial motions should be practicable. *See In re: Chilean Nitrate Products Liab. Litig.*, 787 F. Supp. 2d 1347, 1347 (J.P.M.L. 2011).

Moreover, plaintiffs in one action (*Reese*) represent that they will consent to Section 1404 transfer of their action to the Western District of Arkansas. If transfer under Section 1404 is effectuated, only two districts will have actions with claims pending against GTL – the Western District of Arkansas and the District of New Jersey, further facilitating informal coordination. Additionally, there is no convincing reason to centralize this litigation based solely on the pendency of the *James* action in the District of New Jersey. *James* is at an advanced stage of discovery and focuses on a number of issues specific to New Jersey facilities that are not raised by the other actions.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell     Charles R. Breyer
Lewis A. Kaplan     R. David Proctor
Catherine D. Perry

IN RE: GLOBAL TEL*LINK CORPORATION
INMATE CALLING SERVICES LITIGATION     MDL No. 2651

## SCHEDULE A

<ins>Western District of Arkansas</ins>

STUART v. GLOBAL TEL*LINK CORPORATION, C.A. No. 5:14-05275

<ins>District of New Jersey</ins>

JAMES, ET AL. v. GLOBAL TEL*LINK CORPORATION, ET AL.,
  C.A. No. 2:13-04989

<ins>Eastern District of Pennsylvania</ins>

REESE, ET AL. v. GLOBAL TEL*LINK CORPORATION,
  C.A. No. 2:15-02197